HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEVON MEYER,

        Plaintiff,

    v.

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC,

        Defendant.

CASE NO. C12-2013RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on the motion of Defendant Receivables Performance Management, LLC ("RPM") to dismiss class action allegations from the Plaintiff Devon Meyer's complaint.  RPM requested oral argument, but the court finds oral argument unnecessary.  The court DENIES the motion.  Dkt. # 6.

## II.  BACKGROUND

The court recounts the facts as Ms. Meyer alleges them in her complaint.

From February 2012 to April 2012, Ms. Meyer received many calls on her cellular phone from RPM.  RPM is a debt collector.  When Ms. Meyer did not answer, RPM left either artificially-voiced or prerecorded messages on her voicemail.  When she did answer, RPM told her that it was collecting a debt that Reuben Alvarez owed.  Ms. Meyer explained that she did not know who Reuben Alvarez was, did not owe RPM or anyone else money, and demanded that RPM stop calling.  RPM continued to call her.

ORDER – 1

Ms. Meyer contends that RPM's conduct is more than an annoying series of phone calls from a persistent and thickheaded debt collector, it is a violation of federal law. She contends that RPM made the calls with an "automatic telephone dialing system" (hereinafter "autodialer") within the meaning of the Telephone Consumer Protection Act ("TCPA"). *See* 47 U.S.C. § 227(a)(1). The TCPA makes it unlawful to use an autodialer to call any cellular phone, except for emergency purposes or in cases where the person receiving the call gave "prior express consent." 47 U.S.C. § 227(b)(1)(A)(iii).

Ms. Meyer does not wish to pursue only her own claims; she hopes to represent a nationwide class of people who received unsolicited cellular phone calls from RPM. In accordance with Local Rules W.D. Wash. LCR 23(i)(2), her complaint contains a section entitled "Class Allegations," in which she explains how her allegations, if proven, would satisfy the class certification requirements of Federal Rule of Civil Procedure 23.

Before Ms. Meyer began to take discovery, RPM filed its motion to dismiss. The parties have agreed not to begin discovery until the court rules on the motion.

### III.  ANALYSIS

RPM brought this motion to prevent Ms. Meyer from attempting to certify a class. Most defendants facing a putative class action wait until the plaintiff moves to certify a class. Because a plaintiff seeking to certify a class cannot rely on mere assertions, discovery is typically necessary before a class certification motion. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) ("Rule 23 does not set forth a mere pleading standard."); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable position that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted.").

Although nothing prohibits a defendant from "bringing a 'preemptive' motion to deny [class] certification," *Vinole*, 571 F.3d at 939, RPM's motion demonstrates a curious preemptive approach. RPM styles the motion before the court as a "motion to

ORDER – 2

1    dismiss" and invokes Federal Rule of Civil Procedure 12(b)(6), which permits a court to

2    dismiss a complaint for "failure to state a claim upon which relief can be granted."  The

3    rule requires the court to assume the truth of the complaint's factual allegations and credit

4    all reasonable inferences arising from its allegations.  *Sanders v. Brown*, 504 F.3d 903,

5    910 (9th Cir. 2007).  The plaintiff must point to factual allegations that "state a claim to

6    relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

7    If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts

8    consistent with the allegations in the complaint" that would entitle the plaintiff to relief.

9    *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded

10   factual allegations, a court should assume their veracity and then determine whether they

11   plausibly give rise to an entitlement to relief.").  In this case, RPM makes no serious

12   contention that Ms. Meyer fails to state a claim, nor could it.  Ms. Meyer has plausibly

13   stated that RPM violated the TCPA when it repeatedly called her cellular phone.  Instead,

14   RPM contends that she has not stated a claim that could be resolved on a classwide basis.

15   That contention is likely beyond the scope of Rule 12(b)(6).  Nothing in the Federal

16   Rules of Civil Procedure requires a plaintiff to plead class action allegations.  This

17   District's local rules require such allegations as a means of identifying, early on, putative

18   class actions.  A plaintiff whose class allegations do not pass muster has not failed to

19   "state a claim."  She has merely failed to comply with a local rule.

20          For purposes of this motion only, the court assumes that it is in some cases proper

21   to attack class allegations at the pleading stage, whether via a Rule 12(b)(6) motion to

22   dismiss, a Rule 12(f) motion to strike, or some other means.  To prevail at the pleading

23   stage, a defendant would have to show that it is not plausible that evidence consistent

24   with the allegations of the plaintiff's complaint would support class certification.

25          To certify a class, a plaintiff must meet the four prerequisites of Rule 23(a) and

26   one of the three sets of prerequisites of Rule 23(b).  Boiled down, RPM's argument is that

27

28   ORDER – 3

Ms. Meyer cannot certify a class because she cannot satisfy the commonality requirement of Rule 23(a)(2), or perhaps that she cannot show that common questions predominate over questions affecting only individual members, as Rule 23(b)(3) requires.[1]  By its text, Rule 23(a)(2) only requires a plaintiff to show that "there are questions of law or fact common to the class."  Recently, however, the Supreme Court explained that "common" in this context does not merely mean a question underlying all class members' claims.  *Wal-Mart*, 131 S. Ct. at 2551.  As the Court observed, "[a]ny competently crafted class complaint literally raises common 'questions.'"  *Id.* at 2551 (quoting Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L. Rev. 97, 131-32 (2009)).  What matters "is not the raising of common 'questions' – even in droves – but rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation."  *Id.* (quoting Nagareda, *supra*, at 132).  *Wal-Mart* requires that all class members' claims "depend upon a common contention," and that the common contention be "capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Id.* at 2551.  Even a single common question that meets the *Wal-Mart* standard satisfies Rule 23(a)(2)'s commonality requirement.  *Id.* at 2556.

RPM falls well short of convincing the court that Ms. Meyer cannot demonstrate commonality or the predominance of common questions.  It asserts that Ms. Meyer will be unable to prove that RPM autodialed putative class members without their consent unless she presents individual evidence of each class member's consent (or lack thereof).

---

[1] RPM assumes that Ms. Meyer will invoke Rule 23(b)(3) if she moves for class certification. Ms. Meyer does not address that assumption. Her complaint seeks an injunction that will stop RPM from making unlawful calls.  She might choose not to certify her claims for damages, and ask instead to certify a Rule 23(b)(2) class.  *See* Fed. R. Civ. P. 23(b)(2) (permitting class certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief . . . is appropriate respecting the class as a whole").  The need to speculate about the future basis for class certification is one of many reasons that RPM's motion is premature.

ORDER – 4

That assertion is baffling.  What if Ms. Meyer learns in discovery that RPM has never attempted to obtain the consent of any putative class member?  What if Ms. Meyer learns in discovery that RPM purchases the debts it collects from third parties without making any attempt to determine if those third parties obtained the debtors' consent to autodialed phone calls?  What if Ms. Meyer learns in discovery that RPM's corporate policy is to ignore people (like Ms. Meyer) who explicitly inform them that she does not consent to their phone calls?  What if Ms. Meyer learns in discovery that RPM collects on the sort of over-the-counter consumer debts in which it is exceedingly unlikely that the consumer was asked for consent to later phone calls?  The court could go on, but there is no need. It is entirely plausible that Ms. Meyer will uncover evidence that will permit her, on a classwide basis, to prove that no one (or virtually no one) consented to RPM's cellular phone calls.  It is entirely plausible that Ms. Meyer, after discovery, will be able to demonstrate not only common questions, but common questions that predominate over individualized inquiries.  Perhaps RPM is correct that consent or other issues will ultimately require an individualized inquiry, but there is no way to make that determination now.  RPM's motion illustrates why courts typically decide class certification after discovery, not on the pleadings.

## IV.  CONCLUSION

For the reasons previously stated, the court DENIES RPM's motion to dismiss. Dkt. # 6.  Ms. Meyer is entitled to discovery to support her class allegations.  The court sets October 23, 2013 as the deadline to file a class certification motion.

DATED this 8th day of May, 2013.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 5