The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

DEVON MEYER AND BRYCE FINGER,
On behalf of themselves and others
Similarly situated,

      Plaintiffs,

v.

RECEIVABLES PERFORMANCE
MANAGEMENT,

      Defendant.

_____ /

**CLASS REPRESENTATION**

CASE NO.:  2:12-cv-02013

**AMENDED COMPLAINT FOR
DAMAGES**

## AMENDED COMPLAINT

     Plaintiffs, DEVON MEYER and BRYCE FINGER, (hereinafter "Plaintiffs") by and through the undersigned counsel, on behalf of themselves and others similarly situated, sue the Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC and in support thereof allege the following:

## PRELIMINARY STATEMENT

1

AMENDED COMPLAINT
[CASE NO.: 2:12-cv-02013]

MORGAN & MORGAN, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida  33602
(813) 223-5505
FAX (813) 223-5402

This is an action brought pursuant to Rule 23, Federal Rules of Civil Procedure, against Defendant for its routine and systematic violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter "TCPA"). Specifically, Defendant routinely and systematically violates the TCPA by placing calls to Plaintiffs and Class Members' cellular phones using an automatic telephone dialing system ("ATDS") without their prior express consent.

## PARTIES, JURISDICTION & VENUE

1.     Plaintiff Devon Meyer is an individual citizen of the State of Florida who resides in Davenport, Florida.

2.     Plaintiff Bryce Finger is an individual citizen of the State of Arizona who resides in Phoenix, Arizona.

3.     The alleged violations described in the Complaint occurred throughout the state of Florida, the state of Arizona and United States of America.

4.     Defendant, RECEIVABLES PERFORMANCE MANGEMENT, LLC is a debt collection company headquartered in Lynnwood, Washington.  Defendant has engaged in its usual and customary business within the State of Washington and United States of America.

5.     The amount in controversy in this action, as defined by 28 U.S.C. § 1332(d)(6), exceeds $5,000,000 exclusive of costs and interest, and some members of the Class are citizens of a state different from that of Defendant.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), § 1391(c)(2) and § 1391(d) because Defendant resides in this district and is subject to personal jurisdiction in this district.

AMENDED COMPLAINT
[CASE NO.: 2:12-cv-02013]

MORGAN & MORGAN, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida  33602
(813) 223-5505
FAX (813) 223-5402

## CLASS ACTION ALLEGATIONS

7.      The Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, was enacted by Congress in 1991 in an effort to address Congressional concern that a growing number of telemarketing practices invade consumer privacy.[i]   The TCPA was designed to protect individual's privacy rights and public safety interests while balancing commercial freedom of speech and trade.[ii]  The TCPA gives rulemaking authority to the Federal Communications Commission (FCC) to prescribe regulations to implement the requirements of the TCPA.   47 U.S.C. § 227(b)(2).

8.      The TCPA regulates the use of automated telephone equipment, also known as autodialers or robodialers, which have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

9.       The TCPA makes it illegal to use autodialers to place calls to a cellular phone other than for an emergency purpose or with the prior express consent of the called party.

10.      In 2003, the FCC issued a Report and Order addressing, in part, autodialed and prerecorded message calls made to cellular telephone numbers.  The FCC affirmed that, with two narrow exceptions, it is unlawful to make *any call* using an automatic telephone dialing system or artificial or prerecorded message to any wireless number. The exceptions, inapplicable to the instant case, include calls made for emergency purposes and with prior express consent.[iii]

11.      With respect to autodialed debt collection calls, in a 2008 Declaratory Ruling, the FCC clarified that autodialed and prerecorded or artificial message calls to a cellular phone number by or on behalf of a creditor are permitted only if the calls are made with the prior express consent of the called party.  Prior express consent is deemed to be granted only if the

3

AMENDED COMPLAINT
[CASE NO.: 2:12-cv-02013]

MORGAN & MORGAN, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida  33602
(813) 223-5505
FAX (813) 223-5402

wireless number was provided by the consumer to the creditor, and provided during the transaction that resulted in the debt owed.[iv]

12.     Upon information and belief, Defendant made calls to Plaintiff and Class Members' cellular telephones using an automatic telephone dialing system which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

13.     In addition, upon information and belief, Defendant made calls to Plaintiffs and Class Members' cellular telephones using an artificial or prerecorded voice.

14.     The calls made by Defendant to Plaintiffs and Class Members' cellular phones were made neither for emergency purposes nor with their prior express consent.

## REPRESENTATIVE PLAINTIFFS' ALLEGATIONS

### Automated Calls to Devon Meyer

15.     In February 2010, Plaintiff Devon Meyer purchased a cellular phone and was assigned a cellular telephone number.  Shortly after purchasing her phone, she began receiving calls from debt collectors seeking to collect alleged debts owed by Rueben Alvarez.

16.     In or around February 2012, Meyer received a call on her cellular phone from Defendant seeking to collect a debt allegedly owed by Reuben Alvarez.  Plaintiff informed Defendant that she was not Reuben Alvarez, did not know Reuben Alvarez, did not owe Defendant any money, and asked to be placed on the "Do Not Call List."

17.     Between approximately February 2012 and April 2012, in response to calls received from Defendant on her cellular phone seeking to collect a debt allegedly owed by

AMENDED COMPLAINT
[CASE NO.: 2:12-cv-02013]

MORGAN & MORGAN, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida  33602
(813) 223-5505
FAX (813) 223-5402

Reuben Alvarez, Meyer informed Defendant on approximately four (4) additional occasions that it had the wrong telephone number.

18.     Between approximately February and April 2012, despite informing Defendant that it had the wrong telephone number, Defendant continued to call Meyer's cellular phone on a number of occasions seeking to collect an alleged debt owed by Reuben Alvarez.

19.     Upon information and belief, the calls from Defendant to Meyer's cellular phone were made using an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1) and/or used an artificial or prerecorded voice prohibited by 47 U.S.C. § 227(b)(1)(A).

20.     The telephone number that Defendant used to contact Meyer was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

21.     Meyer never gave Defendant prior express consent to call her cellular phone and the calls were not made for emergency purposes.

### Automated Calls to Bryce Finger

22.     Beginning in or around August 2012, Defendant repeatedly placed calls to Plaintiff Bryce Finger's cellular phone.

23.     Finger has never provided his cellular number to Defendant and has never consented to be contacted by Defendant on his cellular phone.

24.     Despite Finger's request that Defendant cease making automated calls to his cellular phone, Defendant continued to place automated calls to Finger.

25.     Upon information and belief, the calls from Defendant to Finger's cellular phone were made using an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1) and/or using an artificial or prerecorded voice prohibited by 47 U.S.C. § 227(b)(1)(A).

5

AMENDED COMPLAINT
[CASE NO.: 2:12-cv-02013]

MORGAN & MORGAN, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida  33602
(813) 223-5505
FAX (813) 223-5402

26.     The telephone number that Defendant used to contact Finger was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

27.     Finger never gave Defendant prior express consent to call his cellular phone and the calls were not made for emergency purposes.

## CLASS ALLEGATIONS

28.     Pursuant to Rule 23, Federal Rules of Civil Procedure, Plaintiffs brings this class action against Defendant RECEIVABLES PERFORMANCE MANAGEMENT, LLC on behalf of the following proposed class:

> All persons in the United States who, on or after October 12, 2008, received a non-emergency telephone call from Receivable Performance Management, LLC to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls ("Class Members" or "the Class").

29.     This action is properly brought as a class action under Rule 23 for the following reasons:

a.     This Class consists of thousands of persons so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.     There are questions of law and fact common to all members of the Class, which predominate over any question affecting only individual Class Members.  These include the following questions of law and fact:

i.     Whether Receivables Performance Management, LLC made calls to Plaintiffs' and Class Members' cellular telephones using an automatic telephone dialing system;

6

AMENDED COMPLAINT
[CASE NO.: 2:12-cv-02013]

MORGAN & MORGAN, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida  33602
(813) 223-5505
FAX (813) 223-5402

ii.  Whether Receivables Performance Management, LLC's automatic telephone dialing system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator;

iii. Whether Receivables Performance Management, LLC's automatic telephone dialing system has the capacity to dial the telephone numbers it has generated;

iv. Whether Receivables Performance Management, LLC made calls to Plaintiffs' and Class Members' cellular telephones using an artificial or prerecorded voice;

v.   Whether the debt collection calls made by Receivables Performance Management, LLC were for non-emergency purposes;

vi. Whether Receivables Performance Management, LLC can demonstrate that it had prior express consent for making calls to Plaintiffs' and Class Members' cellular telephones using its automatic telephone dialing system or an artificial or prerecorded voice;

vii. Whether Receivables Performance Management, LLC has established and implemented reasonable procedures to prevent violating the TCPA;

viii. Whether Receivables Performance Management, LLC's TCPA violations were knowing and/or willful;

ix. Whether Plaintiffs and Class Members are entitled to damages, declaratory and injunctive relief pursuant to the TCPA;

7

AMENDED COMPLAINT
[CASE NO.: 2:12-cv-02013]

MORGAN & MORGAN, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida  33602
(813) 223-5505
FAX (813) 223-5402

x.  Whether Plaintiffs and Class Members should receive treble damages for

Receivables Performance Management, LLC's TCPA violations; and

xi.  Whether Defendant should be enjoined from such conduct in the future.

30.    Defendant has acted, or refused to act, on grounds generally applicable to the Class in that they have engaged in a routine and systematic course of conduct by making non-emergency calls to Plaintiffs' and Class Members' cellular telephones using an automatic telephone dialing system or artificial or prerecorded voice without their prior express consent.

31.    Injunctive and declaratory relief is appropriate with respect to the Class as a whole as a result of the Defendant's routine and systematic course of conduct.

32.    Plaintiffs' claims are typical of the claims of the proposed Class.

33.    Plaintiffs will fairly and adequately protect the interest of the Class and Plaintiffs have retained as counsel attorneys that are experienced in consumer, class action and complex litigation.

34.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

a.  Given the size of the proposed Class, individual joinder of each Class Member's claim is impracticable;

b.  Given the relatively small damages suffered by individual Class Members, as well as the unlikelihood that many Class Members will know their rights have been violated, most Class Members have little ability to prosecute an individual action due to the complexity of issues involved in this litigation and the significant costs attendant to litigation on this scale;

8

AMENDED COMPLAINT
[CASE NO.: 2:12-cv-02013]

MORGAN & MORGAN, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505
FAX (813) 223-5402

c.  When the liability of Defendant has been adjudicated, claims of all members of the Class can be determined by the Court;

d.  This action will cause an orderly and expeditious administration of the Class claims, and economies of time, effort and expense will be fostered and uniformity of decision will be insured;

e.  Other available means of adjudicating the claims of Plaintiffs and Class Members— such as thousands of individual actions brought separately and pursued independently in courts throughout the country—are impracticable and inefficient;

f.  Without a class action, Class Members will continue to suffer damages and Defendant's violations of law will proceed without remedy while they continue to engage in illegal conduct pursuant to the TCPA; and

g.  This action presents no difficulties that would preclude management by the Court as a class action.

## COUNT I

### Negligent Violation of the Telephone Communications Protection Act

35.  Plaintiffs re-allege paragraphs one (1) through thirty-four (34) above as if fully set forth herein, and further state:

36.  Defendant RECEIVABLE PERFORMANCE MANAGEMENT, LLC's use of an automatic telephone dialing system or an artificial or prerecorded voice when calling Plaintiffs' and Class Members' cellular telephones constitutes numerous and multiple negligent violations of the TCPA, 47 U.S.C. 227 *et seq.*

9

AMENDED COMPLAINT
[CASE NO.: 2:12-cv-02013]

37.     As a result of Defendant RECEIVABLE PERFORMANCE MANAGEMENT, LLC's negligent violations of the TCPA, Plaintiffs and Class Members are entitled to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

38.     Plaintiffs and Class Members are also entitled to and seek injunctive relief enjoining Defendant RECEIVABLE PERFORMANCE MANAGEMENT, LLC from further violations of TCPA.

39.     Plaintiffs and Class Members are also entitled to an award of attorneys' fees and costs.

## COUNT II

### Willful Violation of the Telephone Communications Protection Act –

40.     Plaintiffs re-allege paragraphs one (1) through twenty-six (26) above as if fully set forth herein, and further state:

41.     Defendant RECEIVABLE PERFORMANCE MANAGEMENT, LLC's use of an automatic telephone dialing system or an artificial or prerecorded voice when calling Plaintiffs' and Class Members' cellular telephones constitutes numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. 227 et seq.

42.     As a result of Defendant RECEIVABLES PERFORMANCE MANAGEMENT, LLC's knowing and/or willful violations of the TCPA, Plaintiffs and Class Members are entitled to an award of treble statutory damages, up to $1,500.00, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

10

AMENDED COMPLAINT
[CASE NO.: 2:12-cv-02013]

MORGAN & MORGAN, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida  33602
(813) 223-5505
FAX (813) 223-5402

43.     Plaintiffs and Class Members are also entitled to and seek injunctive relief enjoining Defendant RECEIVABLE PERFORMANCE MANAGEMENT, LLC from further violations of TCPA.

44.     Plaintiffs and Class Members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Class Members respectfully request the following relief:

a.   An Order certifying the Class requested herein, appointing Plaintiffs as class representatives to act on behalf of the Class and appointing her attorneys as counsel for the Class;

b.   Judgment against Defendant for statutory damages in the amount of $500.00 for each telephone call that violated the TCPA for which Defendant acted negligently;

c.   Judgment against Defendant for treble damages in the amount of $1500.00 for each telephone call that violated the TCPA for which Defendant acted knowingly and/or willfully;

d.   Declaratory and injunctive relief prohibiting Defendant from further engaging in conduct that violates TCPA;

e.   An award of attorneys' fees and costs; and

f.   Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted this 10th day of October, 2013.

11

AMENDED COMPLAINT
[CASE NO.: 2:12-cv-02013]

MORGAN & MORGAN, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida  33602
(813) 223-5505
FAX (813) 223-5402

/s/Tamra Givens
BRIAN ISAACSON, WSBA #25921
ISAACSON LAW FIRM, P.S.
2121 Fifth Avenue
Seattle, WA 98121
Telephone: (206) 441—4110
Facsmilie: (206) 441-4220
briani@isaacsonlawfirm.com

GEORGE KARGIANIS, WSBA #286
Law Office of George Kargianis
2121 Fifth Avenue
Seattle, WA 98121
Telephone: (206) 624-5370
Facsimile: (206) 441-4220
george@kargianislaw.com

J. ANDREW MEYER, Esq. FBN 56766
TAMRA GIVENS, Esq. FBN 657638
Morgan & Morgan Complex Litigation Group
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone:  (813) 223-5505
Facsimile:  (813) 222-4730
ameyer@forthepeople.com
tgivens@forthepeople.com

SERGEI LEMBERG, Esq. BBO# 650671*
Lemberg & Associates, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com

*Attorneys for Plaintiffs*

*Pro Hac Admission to be sought

---

[i] *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. 559 (2008).
[ii] *In the Matter of the Tel. Consumer Prot. Act of 1991*, 7 F.C.C.R. 2736 (1992).
[iii] *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C.R 14014, 14115-16 (2003).
[iv] 23 F.C.C.R. at 564-65.

12

AMENDED COMPLAINT
[CASE NO.: 2:12-cv-02013]

MORGAN & MORGAN, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida  33602
(813) 223-5505
FAX (813) 223-5402