HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEVON MEYER, et al.,

   Plaintiffs,

   v.

RECEIVABLES PERFORMANCE MANAGEMENT, LLC,

   Defendant.

CASE NO. C12-2013RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on two discovery motions, Defendant's motion to stay this action, and the parties' joint motion to delay class certification. For the reasons stated herein, the court DENIES Defendant's motion to stay (Dkt. # 51), DENIES Defendant's motion for a protective order (Dkt. # 53), DENIES Defendants' motion to compel (Dkt. # 57), and DENIES the parties' joint motion (Dkt. # 65) to delay class certification. Plaintiffs must either file a motion for class certification that complies with this order or this case will not proceed as a class action.

## II. BACKGROUND & ANALYSIS

The parties have repeatedly delayed progress in this action. They delayed discovery until the court ruled on a motion to dismiss. They delayed discovery in lieu of settlement negotiations that have now gone on for at least five months. They have repeatedly delayed addressing class certification. No one has addressed the merits of this

ORDER – 1

1  case, and putting aside Defendant's ill-fated motion to dismiss, no one has addressed
2  whether it may be certified as a class action.  The court has expressed its dissatisfaction
3  with the pace of this case.  Today it does so again, and issues orders that should leave the
4  parties with no question that they must either settle this case promptly or litigate it.

5  Briefly, this case concerns whether Defendant Receivables Performance
6  Management, LLC ("RPM") violated the Telephone Consumer Protection Act ("TCPA").
7  Plaintiffs, two people who received debt collection calls from RPM, contend that RPM
8  used what the TCPA calls an "automatic telephone dialing system" (hereinafter
9  "autodialer") to call them on their cellular phones in an effort to collect a debt.  *See* 47
10 U.S.C. § 227(a)(1) (defining autodialer); 47 U.S.C. § 227(b)(1)(A)(iii) (prohibiting use of
11 autodialer to call cellular telephones).  Plaintiffs hope to represent a nationwide class of
12 similarly situated people.

13 **A.      The Court Will Not Stay This Case Pending Various FCC Decisions.**

14 This case had been pending for sixteen months when RPM filed its motion to stay
15 this case pending the outcome of various proceedings before the Federal
16 Communications Commission ("FCC").  One is a rulemaking petition that a debt
17 collection consortium filed in January 2014.  The others are four petitions for declaratory
18 rulings as to various questions arising under the TCPA.

19 The rulemaking petition is no basis for staying this case.  It is one thing to hope
20 that the FCC will issue new rules that favor debt collectors like RPM.  It is another to
21 hope that the FCC will impose those rules retroactively, such that they would eliminate
22 whatever liability RPM faces for its past practices.  *See Aderhold v. Car2go N.A., LLC*,
23 No. 13-489RAJ, 2014 U.S. Dist. LEXIS 26320, at *21-23 & n.4 (W.D. Wash. Feb. 27,
24 2014) (declining to address impact of new FCC rules that did not apply to defendant's
25 past conduct).  There is no reason to believe that new FCC rules will have any impact on
26 this case, except to the extent that Plaintiffs seek classwide injunctive relief.

27
   ORDER – 2
28

The declaratory relief petitions are also no basis for staying this case. First, two of the four proceedings to which RPM points predate this case, another was filed just a few months later, and the fourth was filed in late October 2013. That RPM did not mention any of these proceedings until it filed its motion to stay in March 2014 suggests either that RPM's belief that these proceedings are a basis to stay this case is of remarkably recent vintage or that RPM seeks a stay for the primary purpose of delaying the resolution of this case. Second, the FCC's decision to issue *any* ruling on these requests is a matter of discretion. The court will not stay this case while it awaits rulings that may never come. Third, even if the FCC were to issue declaratory rulings that interpret the TCPA in a manner that favors RPM's position in this case, the law would not necessarily require the court to defer to those rulings.

Finally, the court observes that all four of the declaratory relief petitions that RPM points to are focused on which devices or technologies are autodialers within the meaning of the TCPA. That is a merits question, and one that RPM has so far avoided. Nothing has prevented RPM from filing a motion to dismiss or motion for summary judgment seeking a ruling that it does not use an autodialer within the meaning of the TCPA. RPM seems to prefer to rely on FCC rulings that may never come rather than its own effort to demonstrate that it does not use an autodialer. The court does not share that preference.

**B.     Discovery Motions**

The parties' discovery motions revolve around the same issue: whether Plaintiffs are entitled to documents that establish both whose cellular phones RPM called during the putative class period (which, according to Plaintiffs, stretches back to November 2008) and from whom RPM obtained those cellular phone numbers. RPM uses third party "skip-trace" vendors to obtain cellular phone numbers for the debtors it targets. Plaintiffs issued subpoenas to four of those vendors, seeking deposition testimony as well as documents revealing not only which cellular phone numbers each vendor provided to

ORDER – 3

RPM, but the vendor's business relationship with RPM. Plaintiffs also requested documents directly from RPM that show all of the phone numbers it obtained from these four vendors. Plaintiffs admit that their subpoenas might be unnecessary if RPM provides the records they requested. In addition, Plaintiffs have requested a list of every outgoing call RPM placed during the class period.

The court considers the subpoenas first. They are the subject of RPM's discovery motion, in which it asks the court to either quash or modify the subpoenas or issue a protective order. As to RPM's request to quash or modify the subpoenas, the court could not grant that request even if there were reason to. Plaintiffs served four subpoenas on out-of-state entities, demanding depositions to take place in states other than Washington. Plaintiffs purported to issue those subpoenas, however, from this District. Assuming Plaintiffs properly served the subpoenas, their targets would have no obligation to respond. *See* Fed. R. Civ. P. 45(a)(2)(B) (requiring that a subpoena issue from the district where a deposition is to occur). Because this court has no power to compel these out-of-state targets to comply with these subpoenas, it would not quash or modify them. Putting aside that the subpoenas are facially invalid, RPM has not demonstrated that it has standing to challenge subpoenas to these third parties. *See*, *e.g.*, *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 695 (noting that a party that is not the target of a subpoena "has standing to challenge [it] only where its challenge asserts that the information is privileged or protected as to itself").

Assuming that Plaintiffs intend to reissue the subpoenas from the proper district court, the court could perhaps consider RPM's motion for a protective order. RPM has not addressed when it is appropriate for a party to seek a protective order regarding subpoenas to nonparties, and it has not addressed which court is a proper venue for that challenge. The court need not address those issues either. Rather than issue a protective order that would matter only if Plaintiffs had issued valid subpoenas and RPM had

ORDER – 4

standing to challenge them, the court will move on to the parties' next discovery motion, which raises essentially the same issues that RPM raised in its motion challenging the subpoena.

Plaintiffs' motion to compel discovery, which they brought as a joint motion in accordance with Rule 37(a)(2) of this District's local rules, seeks to compel both the "dial list" of all numbers RPM called during the class period and the "batch file reports" RPM received from each of the four skip-trace vendors. Plaintiffs contend that they need this information to support their class certification motion. They do not need it to establish that the class is sufficiently numerous (*see* Fed. R. Civ. P. 23(a)(1)), because RPM has conceded the numerosity of the class. Plaintiffs argue instead that they need the information to demonstrate that the class is ascertainable and that they can give notice to the class.

Plaintiffs' litigation conduct undermines its insistence that the dial list is necessary for their class certification motion. RPM offered to produce a list covering March 2009 to March 2010. Plaintiffs offer no explanation of why that offer was unacceptable, other than to insist that RPM originally agreed to cover the entire class period, and to offer vague suspicions about whether RPM was "scrubbing" cellular phone numbers from its lists during that period. Declining to accept an offer of a list covering a quarter of the class period is a poor way to convince the court that the list is necessary for class certification.

As to the batch file reports, Plaintiffs fail to explain in anything but vague terms how those reports will assist them in demonstrating that the class is ascertainable.

Under these circumstances, the court will not require RPM to produce the batch file reports in advance of class certification. Instead, it will require Plaintiffs in their class certification motion to both make their best argument for class certification and to explain in detail how the dial list and batch file reports would have improved their

ORDER – 5

argument. If necessary, the court will order RPM to compile the batch file reports and dial lists and permit Plaintiffs to supplement their class certification motion.

**C. Motion to Delay Class Certification**

This District's Local Rules presume that a plaintiff hoping to represent a class will move for class certification within 180 days of filing her complaint. Local Rules W.D. Wash. LCR 23(i)(3). More than 400 days have passed since the initial complaint in this case.

In that time, the parties have obtained three extensions of the class certification deadline. The first they obtained by agreeing to conduct no discovery pending RPM's motion to dismiss. May 8, 2013 ord. (Dkt. # 17) (imposing Oct. 23, 2013 deadline for class certification). The second they obtained by assuring the court that they needed just an additional 90 days to discuss settlement. Oct. 10, 2013 stipulation (Dkt. # 24) (requesting Jan. 21, 2014 deadline). The third they obtained by contending they needed more time both for discovery and for additional settlement discussions. Jan. 13, 2014 stipulation (Dkt. # 38); Jan. 15, 2014 order (Dkt. # 39) (imposing Apr. 30, 2014 deadline). When it granted the last extension, the court stated that it would not grant another absent a demonstration of "extraordinary circumstances." Jan. 15, 2014 order (Dkt. # 39).

The parties' latest stipulation does not demonstrate extraordinary circumstances. It points to their pending motions, but the court has now addressed all of them. It also informs the court that despite its statement that it would not delay class certification beyond April 30, the parties scheduled a mediation for May 9, 2014. Although the court encourages settlement, it must also encourage the prompt resolution of cases on its docket.

In the court's last scheduling order, it acknowledged the parties' agreement on an extended briefing schedule for Plaintiffs' motion for class certification. Under that

ORDER – 6

schedule, Plaintiffs would have filed their motion on April 30, but it would not have been ripe by June 13, 2014. The court will retain the noting deadline, but not the filing deadline. This means that the parties will no longer have the benefit of an extended briefing schedule. Plaintiffs must file their motion for class certification so that it is ripe no later than June 13. That means that absent agreement from the parties on a compressed briefing schedule, Plaintiffs must file their motion no later than May 22. Local Rules W.D. Wash. LCR 7(d)(3). If Plaintiffs do not file a motion by that date, or file a stipulation to brief class certification on a compressed schedule that makes the motion ripe by June 13, this case will not proceed as a class action. In that event, the court will set a trial date for resolution of Plaintiffs' individual claims.

### III.  CONCLUSION

For the reasons stated above, the court DENIES Defendant's motion to stay (Dkt. # 51), DENIES Defendant's motion for a protective order (Dkt. # 53), DENIES Plaintiffs' motion to compel (Dkt. # 57), and DENIES the parties' joint motion (Dkt. # 65) to delay class certification.

Plaintiffs shall file a motion for class certification so that it is properly noted for no later than June 13 or this case will not proceed as a class action.

Dated this 30th day of April, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 7