HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEVON MEYER, et al.,

    Plaintiffs,

    v.

RECEIVABLES PERFORMANCE MANAGEMENT, LLC,

    Defendant.

CASE NO. C12-2013RAJ

ORDER

This matter comes before the court on Plaintiffs' motion for reconsideration of the court's April 30, 2014 order. The court GRANTS that motion (Dkt. # 68), directs the clerk to VACATE the April 30 order (Dkt. # 67), and issues an amended order to supersede the April 30 order.

A motion for reconsideration must demonstrate either "manifest error in the prior ruling" or "new facts or legal authority [that] could not have been brought to [the court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). Plaintiffs' motion demonstrates that the court made a manifest error in the prior order.

The April 30 order resolved several motions, one of which centered on subpoenas for documents and deposition testimony that Plaintiffs had issued to four entities outside the State of Washington. Those subpoenas issued from this court.

Defendant moved either to quash or modify those subpoenas or to issue a protective order. The court ultimately denied that motion for reasons it will soon discuss,

ORDER – 1

but in doing so stated that the subpoenas were "facially invalid" because they issued from this district court, rather than the district courts in which each subpoena's target resided. In doing so, the court relied on what was once Federal Rule of Civil Procedure 45(a)(2), which required that a subpoena for a deposition or documents issue from the court where the deposition was to occur or where the documents were to be produced.

Plaintiffs point out that the court erred by failing to recognize that Federal Rule of Civil Procedure 45 was substantially amended, effective December 1, 2013. Among other changes, Rule 45 now commands that a subpoena issue from "the court where the action is pending." Fed. R. Civ. P. 45(a)(2). It remains the case that a party seeking to quash or modify a subpoena or to compel compliance with it must seek relief in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2), (3). That court, however, may now transfer a subpoena-related motion to "the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

Ordinarily, the court may not grant a motion for reconsideration without ordering a response from the opposing party. Local Rules W.D. Wash. LCR 7(h)(3). In this case, however, the court's error is indisputable. Moreover, the entities primarily impacted by the court's error are the targets of the subpoenas, who are not parties to this case. Indeed, Plaintiffs filed their motion for reconsideration only because they feared that the subpoenas' targets might use the court's order as a basis for refusing to comply with the subpoenas. The court will therefore issue an amended order that corrects the court's legal error.

Dated this 14th day of May, 2014.

_____
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2